(69 Misc. Rep. 400.)

PEOPLE ex rel. BARONE v. FOX, Warden.

(Supreme Court, Special Term, New York County. November, 1910.)

1. CONSTITUTIONAL LAW (§ 224*)—DISCRIMINATION—POLICE POWER.
 Laws 1910, c. 659, § 79, providing for medical examination of prostitutes, is not unconstitutional in discriminating between men and women; it being an enactment having for its aim the safeguarding of the health of the inhabitants of the state, and being within the police power.
 [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 725; Dec. Dig. § 224.*]

2. CONSTITUTIONAL LAW (§ 264*)—DUE PROCESS OF LAW.
 Laws 1910, c. 659, § 79, authorizing imprisonment of a prostitute, under such section, on the result of a physical examination by a physician, for a period exceeding the maximum time prescribed for the same offense in the absence of a physician's report, is invalid as depriving a person of liberty without due process of law.
 [Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 264.*]

Application by the People, on relation of Adelina Barone, for a writ of habeas corpus to Frank Fox, Warden of the City Workhouse. Relator discharged.

Bertha Rembaugh, for relator.

Charles S. Whitman, Dist. Atty. (Howard C. Dickinson, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BISCHOFF, J. Upon the theory of discrimination between men and women, the attack upon the constitutionality of this statute (Laws 1910, c. 659, § 79) is not well founded. It is unquestionably an enactment having for its aim the safeguarding of the health of the inhabitants of the state, and the matter is fully within the police power. Ground of argument is not lacking that the danger from the spread of disease by women of the class in question is greater than the danger existing from the disease in the case of men, and that the present regulation is necessitated as a step distinct in its nature from a corrective measure which may be directed to the diseased condition of males. The question of expediency, therefore, was for the Legislature, and is not to be determined as an original matter by the court. People ex rel. Farrington v. Mensching, 187 N. Y. 8, 18, 79 N. E. 884, 10 L. R. A. (N. S.) 625.

There is clearly merit, however, in the contention that the statute directs the detention of the accused, without due process of law, in that the nature of the sentence, after conviction, is made to depend upon the report of a physical examination without the opportunity for a hearing upon the facts entering into the report. The conclusion of the examining physician is made binding upon the court. The report is presented to the magistrate, "and if it thereby appears," says the statute, that the prisoner is afflicted with the disease in question, "the magistrate shall commit her to a public hospital" for a period which, in the magistrate's discretion, may be one year—a period greatly exceeding the maximum time of detention prescribed for the same offense in the absence of a physician's report. Since the physician is not a judicial officer, and since the magistrate cannot hear the accused as to the correctness of the facts stated in the report, but is bound thereby, the penalty attaching to conviction of the offense is made to depend upon an independent inquiry out of court, with the result that the convicted person is deprived of the benefit of due process of law. Matter of Kenny, 23 Misc. Rep. 9, 49 N. Y. Supp. 1037; Id., 30 App. Div. 624, 53 N. Y. Supp. 1111. See, also, People ex rel. Abrams v. Fox, 77 App. Div. 245, 79 N. Y. Supp. 56. I am, therefore, constrained to hold that the statute in question is unconstitutional, and affords no justification for the relator's further detention.

Relator discharged.